# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 38904

LARRY HANSEN,

    Plaintiff-Appellant,

v.

MATTHEW ROBERTS,

    Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, January 2013 Term

2013 Opinion No. 47

Filed: April 16, 2013

Stephen W. Kenyon, Clerk

_____

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County.  Hon. William H. Woodland, Senior District Judge.

District court decision on jury trial, <u>affirmed.</u>

Gordon Law Firm, Inc., Idaho Falls, for appellant.  Brent Gordon argued.

Powers, Tolman, PLLC, Twin Falls, for respondent.   Jennifer K. Brizee argued.

_____

BURDICK, Chief Justice

    This is an appeal from the Bonneville County district court by Larry Hansen (Hansen). Hansen was involved in an automobile accident with the respondent Matthew Roberts (Roberts). At trial, Hansen sought to recover damages for his injuries and Roberts sought to recover property damage for his vehicle.  The jury found Hansen to be 90% at fault and awarded Roberts damages for his vehicle.  Hansen now appeals the Bonneville County district court's decision to allow Roberts's experts, an accident reconstructionist and a biomechanical engineer, to testify. Hansen also appeals the district court's ruling that he waived his objections to Roberts's deposition testimony. Finally, Hansen appeals the district court's decision to grant Roberts's motion in limine so far as it limited him from asking whether prospective jurors or one of their family members were or had ever been employed by an insurance carrier.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Hansen and Roberts were in a car crash that caused injuries to Hansen and property damage to Roberts's vehicle. Hansen was making a right hand turn into a business parking stall when Roberts hit the passenger side of his vehicle while attempting to pass Hansen on the right.

On May 26, 2009, Hansen filed a complaint against Roberts to recover damages for the injuries he sustained in the car accident. Three months later Roberts filed a small claims complaint for the damage to his car. Pursuant to a stipulation between the parties, these two matters were consolidated into one case.

A jury trial was held on October 19, 2010. Hansen was able to present his entire case on this first day of trial. After the conclusion of the first day of trial, Roberts received news that a matching liver had been found for him. The court continued the trial and the second day of trial was held on December 15, 2010. Because of Roberts's condition following the transplant, he was not able to appear in court and the parties arranged to have his trial testimony videotaped. Both parties made objections during Roberts's testimony, which were included on the video with the understanding that the court would rule on these objections before trial. On the second day of trial, Hansen moved to raise the objections he made in Roberts's deposition testimony before the video was played for the jury. The court concluded that Hansen had waived these objections by not presenting them at the pretrial conference when the court addressed Roberts's objections. Hansen also sought to exclude Roberts's expert testimony from Scott Kimbrough, an accident reconstructionist, and John Droge, a biomechanical engineer, as untimely and insufficient. The court heard argument from both parties and ruled that the experts would be allowed to testify.

Following trial, the jury returned a verdict finding both parties at fault and attributing 90% of the negligence to Hansen and 10% of the negligence to Roberts. The trial court then entered a judgment awarding Roberts $3,399.14 in damages.

## II. ISSUES ON APPEAL

1. Whether the trial court abused its discretion by allowing Roberts to introduce expert testimony from an accident reconstructionist and a biomechanical engineer.

2. Whether the trial court abused its discretion by ruling that Hansen waived the right to object at trial to the introduction of portions of Roberts's deposition.

3. Whether the trial court abused its discretion by partially granting Hansen's motion in limine to limit references to insurance during voir dire and trial.

III. STANDARD OF REVIEW

"When reviewing the trial court's evidentiary rulings, this Court applies an abuse of discretion standard." *Edmunds v. Kraner*, 142 Idaho 867, 871, 136 P.3d 338, 342 (2006). "These include trial court decisions admitting or excluding expert witness testimony, and excluding evidence on the basis that it is more prejudicial than probative." *Perry v. Magic Valley Reg'l Med. Ctr.*, 134 Idaho 46, 50–51, 995 P.2d 816, 820–21 (2000) (internal citation omitted). The scope of voir dire examinations is also within the discretion of the trial court. *State v. Bitz*, 93 Idaho 239, 244, 460 P.2d 374, 379 (1969). To determine whether a trial court has abused its discretion, this Court considers whether the district court: (1) perceived the issue as one of discretion; (2) acted within the outer boundaries of that discretion consistent with applicable legal standards; and (3) reached its decision through the exercise of reason. *Chapman v. Chapman,* 147 Idaho 756, 760, 215 P.3d 476, 480 (2009). Even where a trial court's evidentiary ruling is an abuse of its discretion, the ruling will not be disturbed on appeal unless the admission or exclusion of evidence affected a substantial right of the party. I.R.C.P. 61.

## IV. ANALYSIS

**A. The trial court did not abuse its discretion by allowing Roberts to introduce expert testimony from an accident reconstructionist and a biomechanical engineer.**

Hansen challenges the trial court's admission of Roberts's expert testimony in three ways: (1) Roberts's pretrial expert disclosures were untimely and insufficient; (2) the testimony invaded the province of the jury; and (3) there was a lack of foundation to support the opinions because they were not scientifically reliable.

*1. The trial court did not abuse its discretion by admitting expert testimony disclosed after the court's scheduling deadline.*

Hansen claims that the trial court abused its discretion by allowing Roberts to introduce testimony from expert witnesses when Roberts violated the trial court's scheduling order and failed to make timely and sufficient pretrial disclosures pursuant to discovery requests.

In this case, the district court issued an order requiring disclosure of expert witnesses at least 90 days before trial (or by July 21, 2010) and that discovery should be completed 70 days before trial (or by August 9, 2010). However, the court included the following footnote with respect to these deadlines:

The disclosure cut-off date, discovery completion date and motion dates are for the benefit of the Court in managing this case. They will be enforced at the Court's discretion. The disclosure date should not be relied on for discovery purposes. The disclosure, discovery and motion dates will not be modified by the Court without a hearing and assurance from parties that the modification will not necessitate continuance of the trial.

Therefore, the court recognized and established from the outset that enforcement of these deadlines was within its discretion and that these deadlines were put in place for the benefit of the court, not the parties.

Both parties present substantial argument in their briefs as to why their disclosures were timely and the other party's disclosures were untimely. Looking at the record, both parties produced somewhat untimely disclosures and discovery. Hansen argues that Roberts's disclosures were untimely and insufficient as to Scott Kimbrough, an accident reconstructionist, and John Droge, a biomechanical engineer. He points out that Roberts's responses to his Rule 26(b)(4) disclosure requests were submitted past the deadline the court set in its scheduling hearing and that Roberts did not disclose Droge until a few weeks before trial. Hansen is correct that some of Roberts's disclosures were made just weeks before trial began on October 19, 2010, but he ignores the fact that some of his own disclosures came just weeks before trial began. Roberts presented his entire case on October 19, 2010, and then the trial was delayed until December 15, 2010. Thus, Hansen had significantly more time to prepare for Roberts's experts than Roberts had to prepare for Hansen's experts.

Moreover, Hansen did not raise the issue of untimely disclosures until the second day of trial, which was almost two months after the trial began. When Hansen sought exclusion of the expert testimony based on untimely disclosures, he had actually been in possession of the disclosures for well over two months. Consequently, Hansen had significant time to prepare for Roberts's experts during the recess of trial. Because the trial court explicitly stated in its scheduling order that disclosure and discovery deadlines would be enforced at its discretion, both parties produced disclosures past this deadline, and Hansen had significant time to prepare for Roberts's experts, the trial court was within the bounds of its discretion when it ruled that Roberts's experts could testify.

2. *Hansen did not preserve his objections to Kimbrough's testimony.*

Hansen next argues that the court erred in allowing Kimbrough to testify because his testimony invaded the province of the jury. Hansen argues that Kimbrough invaded the province

4

of the jury because he "did nothing beyond review the evidence that was presented to the jurors to reach his conclusions." Hansen also argues that Kimbrough invaded the province of the jury in the specific instance when he stated "that this accident was precipitated by a careless right-hand turn by [Hansen]." Roberts responds that Kimbrough did not invade the province of the jury because he provided information not known to the jury and not within the jury's common knowledge. Roberts further contends that Hansen waived his objections to Kimbrough's testimony because he failed to object to the questions asked during the testimony.

At the start of Kimbrough's testimony, Hansen asked the court if he could "make an objection to all of his testimony as to invading the province of the jury," but did not explain how Kimbrough's testimony invaded the province of the jury. The court noted Hansen's continuing objection and allowed Kimbrough to testify. Hansen did not object to individual questions asked on direct examination nor did he object to Kimbrough's opinion that Hansen's right hand turn had been careless.

For an objection to be preserved for appellate review, "either the specific ground for the objection must be clearly stated, or the basis of the objection must be apparent from the context." *Slack v. Kelleher*, 140 Idaho 916, 921, 104 P.3d 958, 963 (2004); I.R.E 103(a)(1). For example, this Court has held that an objection that "no proper foundation has been laid," was not sufficiently specific because it failed to state "wherein the foundation for the opinion was insufficient." *Hobbs v. Union Pac. R.R. Co.*, 62 Idaho 58, 74, 108 P.2d 841, 849 (1940). In *Hobbs*, the grounds for the objection were not stated with specificity, nor were the grounds apparent from the context of the testimony. It follows that a continuing objection made at the start of testimony would need to specifically state the grounds for the objection because there would be no context from which to determine the basis for the objection.

Hansen's broad, general objection that Kimbrough's testimony invaded the province of the jury is not a proper objection to preserve either of his challenges to Kimbrough's testimony under Idaho Rule of Evidence 702. Under I.R.E. 702, an expert witness may provide an opinion "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Therefore, after the court qualifies a witness as an expert, it "must determine whether such expert opinion testimony will assist the trier of fact in understanding the evidence." *State v. Pearce*, 146 Idaho 241, 246, 192 P.3d 1065, 1070 (2008).

5

Pursuant to I.R.E. 704, an expert's testimony is not inadmissible merely because it embraces an ultimate issue to be decided in the case; however, "[e]xpert testimony that concerns conclusions or opinions that the average juror is qualified to draw from the facts utilizing the juror's common sense and normal experience is inadmissible." *State v. Ellington*, 151 Idaho 53, 66, 253 P.3d 727, 740 (2011). Additionally, evidence is generally inadmissible under I.R.E. 702 if it vouches for the credibility of another witness. *State v. Perry*, 139 Idaho 520, 525, 81 P.3d 1230, 1235 (2003). Thus, there are a number of different reasons an attorney may object to evidence on I.R.E. 702 grounds and an objection that expert testimony invades the province of the jury, without more, is not sufficiently specific to preserve an objection to any of them.

Moreover, a broad continuing objection not based upon the proper standard or ground and made at the start of Kimbrough's testimony did not preserve an objection to Kimbrough's opinion that the accident was precipitated by Hansen's careless right-hand turn. Continuing objections are difficult for trial courts to properly police unless there has been a meaningful argument and specific ruling on the subject matter of the objection. Proper practice is to frame an objection as to the specific area that preserves it for appellate review and then request a continuing objection on that ground. If it is not clear to the trial court as to the specific area, the court should inquire further.

In this case, Hansen objected to all of Kimbrough's testimony as invading the province of the jury at the start of his testimony when Kimbrough had only explained his qualifications and what accident reconstruction generally entails. Hansen gave no explanation as to why Kimbrough's testimony was inadmissible nor was there any context from which to determine the basis for the objection. Therefore, we hold that Hansen's objections to Kimbrough's testimony were not preserved for consideration on appeal.

*3. The trial court did not abuse its discretion by overruling Hansen's objection to the admission of Droge's expert testimony as a biomechanical engineer.*

Hansen argues that the trial court erred by allowing Droge to testify because Roberts failed to provide adequate foundation that Droge's testimony concerning biomechanical engineering was scientifically reliable. Roberts responds that Hansen failed to preserve his objections and even if he did preserve them, Droge's area of expertise is valid and scientifically reliable.

6

On appeal, Hansen provides substantial argument questioning the scientific reliability of biomechanical engineering. However, none of this argument was presented to the trial court. Rather, Hansen merely objected that insufficient foundation has been laid and stated that, "biomechanical engineering isn't considered a legitimate science." Following this objection, Roberts proceeded to lay more foundation for Droge's testimony including an explanation of what biomechanical engineering is and where Droge received his masters in biomechanical engineering. Hansen then asserted the same objection and declined to cross-examine Droge in aid of his objection.[1]

While Hansen may have preserved his objection to the foundation of Droge's testimony, he cannot now argue more grounds than were before the trial court. *See Slack*, 140 Idaho at 922, 104 P.3d at 964. Hansen merely stated that biomechanical engineering was not a legitimate science, but provided no factual or legal explanation to support this objection. After Hansen's first objection, Droge expounded upon the science of biomechanical engineering and his qualifications as an expert. "Whether or not a proper foundation has been laid for the admission of the evidence is a discretionary decision to be made by the trial court." *Id.* at 921, 104 P.3d at 963. Hansen provided nothing to contradict Droge's testimony and declined to cross-examine Droge in aid of his objection. If Hansen had presented any of the evidence or argument he now raises on appeal, we might have more of a question as to whether the trial court abused its discretion in admitting Droge's testimony. Indeed, the trial court may have made a different ruling. However, under the circumstances in this case we cannot find that the trial court abused its discretion by admitting Droge's testimony.

**B. The trial court did not abuse its discretion by ruling that Hansen waived the right to object at trial to the introduction of portions of Roberts's deposition.**

Hansen argues that he did not waive his objections to Roberts's deposition testimony and he has the right to object to this testimony at trial under Idaho Rule of Civil Procedure 32(b). He also asserts that Roberts introduced a substantial amount of inadmissible evidence that was harmful to his case. Roberts responds that Hansen waived his objections by not addressing them at the scheduled hearing.

---

[1] This opinion is not commenting on whether properly objected to biomechanical engineering expert testimony is helpful to a jury. This opinion only addresses whether a proper objection was made in this case.

7

After the first day of trial on October 20, 2010, Roberts received news that a matching liver had been found and he had to leave immediately for a transplant. The trial was continued until December 15, 2010. Because of his weakened immune system and inability to travel, his trial testimony was videotaped. Both parties made objections which were included on the video with the understanding that the court would rule on these objections before trial. Roberts filed a motion with his objections before trial and the court decided this motion would be addressed at the jury instruction conference that had already been set for December 8, 2010. Hansen did not file a motion with his objections and claims that Roberts told him he would be provided with a transcript of the deposition, but it was never provided. Hansen claims that Roberts only brought a partial transcript to the December 8 hearing and so he was unable to address his objections. Roberts responds that Hansen never requested a transcript and it was not Roberts's duty to raise Hansen's objections.

At trial on December 15, 2010, Hansen moved to raise his objections contained in Roberts's deposition testimony for the first time. The trial court concluded that Roberts had waived these objections by not presenting them at the December 8 hearing. The court stated that it had a hearing the week before trial to address the objections so that the video could be edited before trial. Hansen did not raise any objections at this hearing, nor did he state that he needed a transcript of the video.

Idaho Rule of Civil Procedure 32(b) states, "Subject to the provisions of subdivision (d) of this rule, objection may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying." The language of the rule provides that objections may be made "at the trial or hearing to receiving in evidence any deposition." In this case the court received the evidence of the video deposition at a hearing specifically set for objections, not trial. Hansen was free to raise any of his objections at this hearing, but failed to do so. Therefore, he waived his objections to portions of Roberts's video testimony. The trial court was within its discretion when it ruled that Hansen had waived any objections to the deposition testimony.

**C. The trial court did not abuse its discretion by partially granting Roberts's motion in limine to limit references to insurance during voir dire and trial.**

Hansen argues that the trial court abused its discretion by prohibiting Hansen from asking during voir dire whether a prospective juror or a prospective juror's family member was or had

ever been employed by an insurance carrier. Roberts responds that Hansen did not preserve this argument for appeal because the only objection Hansen made to his motion in limine was that he wanted to be able to ask jurors about both their current occupations and that of their spouses.

A review of the trial transcript indicates that Hansen never mentions wanting to ask if prospective jurors or their family members were or had ever been employed by an insurance carrier. His only objections related to the question of whether the jurors or their spouses worked for insurance companies. In response to this objection the court made sure that these questions were on the juror questionnaire and indicated that if jurors failed to fill out their employment or that of their spouses it would be remedied. Hansen failed to object to this decision and responded that he had nothing further on this issue.

Generally Idaho's appellate courts will not consider an alleged error on appeal unless a timely objection to the alleged error was made at trial. *State v. Perry*, 150 Idaho 209, 224, 245 P.3d 961, 976 (2010); I.R.E. 103(a)(1). For an objection to be preserved for appellate review, "either the specific ground for the objection must be clearly stated, or the basis of the objection must be apparent from the context." *Slack*, 140 Idaho at 921, 104 P.3d at 963; I.R.E. 103(a)(1). The only exception to this rule is when plain error occurs as I.R.E. 103 does not "preclude[] taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court." I.R.E. 103(d). The court's decision to grant Roberts's motion in limine excluding questioning on insurance except with regard to the occupation of a juror or the juror's spouse was not plain error. Therefore, this Court will not consider this issue on appeal.

**D. Roberts is not entitled to attorney fees on appeal.**

Roberts claims that he is entitled to attorney fees pursuant to I.C. § 12-121 and I.R.C.P. 54(e)(1) because Hansen's position is not supported by Idaho law and he does not argue or include any support for a change in Idaho law.

Idaho Code section 12-121 provides in relevant part:

> In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees.

This Court only awards attorney fees under this statute when "an appeal was brought, pursued, or defended in a manner that was frivolous, unreasonable, or without foundation." *Clair v. Clair*, 153 Idaho 278, ___, 281 P.3d 115, 128 (2012). Because Hansen did not pursue this

appeal frivolously, unreasonably, or without foundation, Roberts is not entitled to attorney fees on appeal.

## V. CONCLUSION

We hold that the trial court did not abuse its discretion by admitting expert testimony over Hansen's objections. Nor did the trial court abuse its discretion by determining that Hansen waived his objections to Roberts's video testimony. Costs, but not attorney fees, are awarded to Roberts as the prevailing party.

Justices EISMANN, J. JONES, W. JONES, and HORTON CONCUR.