# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40244

STATE OF IDAHO,      )
            ) **2013 Opinion No. 42**
  **Plaintiff-Respondent,**   )
            ) **Filed: July 11, 2013**
v.           )
            ) **Stephen W. Kenyon, Clerk**
TRACY LORENE DAVIS,    )
            )
  **Defendant-Appellant.**   )
_____)

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Kathryn A. Sticklen, District Judge; Hon. John Hawley, Jr., Magistrate.

District court's appellate decision affirming judgment of conviction for misdemeanor driving under the influence, affirmed.

Alan E. Trimming, Ada County Public Defender; Thomas J. Moore, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.
_____

LANSING, Judge

Tracy Lorene Davis appeals from the district court's appellate decision affirming her conviction in magistrate court for driving under the influence of alcohol. We affirm.

## I.

## BACKGROUND

A Meridian police officer stopped Davis's vehicle after observing a number of traffic infractions. The officer noticed that Davis had watery, bloodshot eyes and detected an odor of alcohol coming from the vehicle. Davis admitted consuming two glasses of wine at a local bar but explained that she also had drunk a lot of water. The officer conducted field sobriety tests, which Davis failed. Davis was placed under arrest and transported to the police department for breath alcohol testing. Davis's test returned BAC levels of .087 and .090, both in excess of the

1

statutory limit of .08. She was then charged with misdemeanor driving under the influence of alcohol.

On the morning of the first day of trial, Davis expressed her intent to introduce an audio recording of the traffic stop. The State objected on the ground that Davis's statements contained in the recording were inadmissible hearsay when offered by Davis herself. The prosecutor suggested that Davis was trying to introduce into evidence the substance of those statements-- giving as examples her statements regarding how much wine and water she had consumed-- rather than testifying at trial and being subject to cross-examination. Counsel for Davis responded that while the recording "definitely [included] statements by my client that she made that night" the recording remained "highly relevant" and that the State would not be prejudiced by its admission. With no hearsay exception having been identified by Davis, the magistrate ruled that Davis's statements were inadmissible hearsay when offered by her and that the recording would either be excluded or could be redacted to excise those statements. After jury voir dire was completed, counsel for Davis briefly returned to this issue, stating that he "wanted to make a formal record" that the recording was "not offered for the truth of the matter asserted." He did not, however, describe any nonhearsay purpose of the use of this evidence. The magistrate court adhered to its previous ruling. Davis ultimately was found guilty by the jury.

Davis appealed to the district court, asserting that the magistrate court erred in excluding as hearsay portions of the officer's audio recording of the stop and his conversation with Davis. Davis argued to the district court that the hearsay rule did not apply to the recording because she did not seek its admission for the truth of her recorded statements but, rather, for nonhearsay purposes. The district court held that the issue of Davis's nonhearsay rationale for use of the recording was not preserved for appeal and declined to address it. Davis also contended that the magistrate erred in precluding cross-examination of the officer about a remark he made to Davis concerning her breath test results. The district court concluded that this issue also was not properly preserved for appeal because Davis abandoned the issue at trial. Davis now further appeals to this Court.

## II.

## ANALYSIS

**A.  Audio Recording**

Davis first asserts that the district court erred in concluding that her assignment of error in the exclusion of the audio recording was not preserved for appeal.  In her argument to the district court, Davis contended that the entire recording was admissible for the nonhearsay purposes of establishing a timeline from the stop to the breath tests, contradicting the officer's testimony that she had slurred speech, and impeaching the officer's trial testimony that she had admitted taking hydrocodone.  The State argued in response that Davis had not preserved those issues for appeal because none of these particularized nonhearsay purposes were advanced before the magistrate.

The district court agreed with the State, holding that Davis was impermissibly attempting to raise issues for the first time on appeal because she did not make those arguments before the magistrate.  The district court said that "[m]erely citing the language of a rule does not provide the trial court with any specific factual information concerning what the party's basis is for seeking to have the evidence admitted," that "[c]ounsel for Davis just argued before the magistrate that the audio would be used for nonhearsay purposes without specifying what those nonhearsay purposes would be," and that "[m]ore is required to properly preserve an issue for appeal."  Accordingly, the district court declined to address the merits of Davis's arguments.

In argument to this Court, Davis contends that the district court was overly exacting in its determination of the level of particularity that is necessary to preserve an issue for appeal.  We conclude, however, that the district court did not err.  Idaho Rule of Evidence 103(a) provides, "Error may not be predicated upon a ruling which . . . excludes evidence unless a substantial right of the party is affected and . . . the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked."  Here, Davis's vague statement to the magistrate court did not inform the court of any nonhearsay substance or relevance of the recording.  In *State v. Gomez*, 126 Idaho 700, 705, 889 P.2d 729, 734 (Ct. App. 1994), this Court held that "where it appears that a question directed to the witness may call for hearsay, the appropriate response is for the trial court to sustain [a hearsay] objection unless the proponent of the testimony shows, by an offer of proof, that the out-of-court statement upon which the testimony is grounded is not hearsay."  Typically this is done by describing the

intended testimony and identifying an applicable hearsay exception or nonhearsay purpose for the testimony. Where it is contended that the statement is not hearsay because it is not submitted for the truth of the matter asserted, the proponent of the evidence must identify a nonhearsay purpose that has relevance to prove or disprove a fact that is of consequence to the determination of the action. *See* I.R.E. 401; *State v. Boehner*, 114 Idaho 311, 314-15, 756 P.2d 1075, 1078-79 (Ct. App. 1988). If the proponent identifies no nonhearsay purpose, the court has no basis on which to determine whether a relevant nonhearsay purpose exists for use of the evidence. Here, the magistrate court responded correctly to the State's objection. Because it appeared the recording contained hearsay, the magistrate gave Davis the opportunity to identify an applicable hearsay exception or nonhearsay purpose for its admission and, hearing none, sustained the State's objection, while leaving open the option to redact hearsay from the recording.

Davis points out that this Court has sometimes been forgiving in not requiring specificity in determining that an issue has been preserved for appeal. She cites as an example *State v. Gutierrez*, 143 Idaho 289, 292, 141 P.3d 1158, 1161 (Ct. App. 2006), where this Court held that a defendant's trial objection to a State's witness's testimony for "lack of foundation" was broad enough to preserve and require consideration of the defendant's appellate challenge that the witness lacked personal knowledge under Idaho Rule of Evidence 602. However, our Supreme Court has recently been more strict in requiring specificity in trial objections in order to preserve issues for appeal, a directive that we are obligated to follow. In *Hansen v. Roberts*, 154 Idaho 469, 473-75, 299 P.3d 781, 785-87 (2013), at the outset of the opposing expert's trial testimony, Hansen made an objection to "all of" the expert's testimony as invading the province of the jury but did not explain how the testimony would do so. The objection was overruled. On appeal, Hansen identified two specific instances where he contended the expert's testimony crossed the line. Our Supreme Court declined to address the claims of error, concluding that regardless of their possible merit "Hansen's broad, general [trial] objection that [the expert's] testimony invaded the province of the jury is not a proper objection to preserve either of his challenges to [the expert's] testimony." In *Hansen*, the Court relied upon a much earlier decision, *Hobbs v. Union Pacific Railroad Co.*, 62 Idaho 58, 74, 108 P.2d 841, 849 (1940), where the Court held that an objection "that no proper foundation has been laid" was not sufficiently specific because it did not state in what respect the foundation for opinion testimony was insufficient. *See Hansen*, 154 Idaho at 473, 299 P.3d at 785.

4

Here the same holds true. Davis's broad, general trial assertion that she was not seeking admission of the recording for the truth of the matters asserted failed, for lack of particularity, to preserve the specific nonhearsay justifications for admission of the recording that she has advanced for the first time on appeal. Davis never gave the magistrate an opportunity to consider whether all or portions of the recording would be admissible for those purposes. Therefore, the district court did not err in holding that Davis's claim of error was not preserved in the trial court.[1]

**B.      Cross-examination of the Officer**

On the intermediate appeal to the district court, Davis also contended that the magistrate incorrectly prevented her from cross-examining the officer as to his opinion that her alcohol concentration was rising during breath testing, some fifty minutes after the stop.[2] The district court held that Davis had waived this issue in the trial court by abandoning any effort to cross-examine the officer on this point. On appeal to this Court, Davis argues that the district court erred in this determination.

The issue arose on the morning of the first day of trial. The prosecutor informed the court that the audio recording contained a remark by the officer to Davis that "you're probably on your way up," referring to the possibility that her breath alcohol concentration level was rising because the two successive blows for her breath test returned results of .087 and .090. The prosecutor contended that the defense should not be allowed to elicit the officer's opinion on that matter unless it laid a foundation showing that the officer had the requisite specialized knowledge to opine on that subject as required by Idaho Rule of Evidence 702. The magistrate

---

[1]      We also observe that the magistrate's ruling did not preclude Davis from using the recording for any of her newly-claimed nonhearsay purposes, for the magistrate ruled that the recording could be used with redaction of Davis's own statements that constitute hearsay. The audiotape could have established the time lapse from the traffic stop to the breath test without the audio of *any* of Davis's statements. The tape also could have been used to illustrate whether her speech was slurred because only statements offered for the truth of the matter asserted are hearsay, I.R.E. 801, so many of Davis's statements on the tape likely would have been nonhearsay and need not have been redacted. Lastly, she could have called a witness who had listened to the tape to testify whether it included any statement by her admitting to taking hydrocodone. Thus, the tape could have been utilized by Davis for her newly-asserted purposes in conformity with the magistrate court's ruling.

[2]      Presumably, Davis wished to establish that her alcohol concentration was therefore below .08 at the time she was driving.

agreed with the prosecutor, but specifically told defense counsel that "on cross-examination if you're able to establish a foundation, I think I'll allow you to ask that question," and further stated that foundation might be established if it were shown that the officer had "any special knowledge as to how alcohol is absorbed" into the body once consumed.

Thereafter, the following exchange occurred during cross-examination of the officer:

| [Defense counsel]: | Okay. So if a person coughs with alcohol . . . in their lungs wouldn't that bring alcohol up to a person's mouth as well? |
|---|---|
| [Prosecutor]: | Objection, Your Honor. Facts not in evidence. . . . |
| [Magistrate]: | All right. Well, I'll sustain the objection to the question as asked. |
| [Defense Counsel]: | Is it your understanding that alcohol can be present in a person's lungs |
| [Officer]: | In their blood. I'm not sure how it transfers into the lungs or how it transfers through the body. |

On appeal to the district court, Davis contended that the magistrate impermissibly precluded questioning of the officer about his opinion that Davis's alcohol concentration was going up because the magistrate sustained the State's objection to the first question quoted above. The district court concluded that the magistrate court, by its ruling, did not preclude defense questioning of the officer about rising alcohol concentration. Instead, the district court said, Davis abandoned the issue at trial because she "never attempted to set forth the foundation the magistrate referenced" and never sought to cross-examine the officer concerning his statement. On appeal to this Court, Davis asserts that the district court was incorrect and that the magistrate impermissibly limited her cross-examination of the officer.

The district court correctly affirmed the magistrate. The magistrate court simply sustained the prosecutor's objection to the question "as asked." Nothing in that evidentiary ruling prohibited Davis from inquiring whether the officer had specialized knowledge about how quickly alcohol is absorbed into the bloodstream or exhibited in breath after consumption, nor did the ruling preclude inquiry into the officer's qualifications to opine whether Davis's alcohol concentration was rising at the time of her breath test. Indeed, after the magistrate court sustained the State's objection, Davis *did* ask a few questions regarding the officer's training in an apparent attempt to lay a foundation showing specialized knowledge that would support admission of his statement to Davis that, "you're probably on your way up"; but after the officer's response to those initial queries indicated that he lacked the requisite expertise, Davis

6

forewent further inquiry into that area. Davis's inability to lay a foundation for introduction of the officer's statement on the videotape was not caused by any adverse ruling of the magistrate court but by Davis's inability to obtain answers from the officer that would establish that he possessed the requisite specialized knowledge. The district court correctly held that there was no error by the magistrate court.

## III.

## CONCLUSION

The district court's appellate decision affirming Davis's judgment of conviction is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**