# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42090

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Opinion No. 54S2** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  April 19, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **LAURA LEE SMITH,** | ) | **SECOND SUBSTITUTE OPINION** |
| | ) | **THE COURT'S PRIOR OPINIONS** |
| **Defendant-Appellant.** | ) | **DATED AUGUST 27, 2015, AND** |
| | ) | **FEBRUARY 1, 2016, ARE HEREBY** |
| | ) | **WITHDRAWN** |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County.  Hon. Barbara A. Buchanan, District Judge.

Judgment of conviction for aiding and abetting in the delivery of a controlled substance, <u>vacated</u> and <u>case remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Laura Lee Smith appeals from her judgment of conviction for aiding and abetting in the delivery of a controlled substance.  She first contends that the trial court erred by admitting the audio recording of a nonwitness's out-of-court statements in violation of the Confrontation Clause.  Smith also claims that the trial court erred in the admission at trial of certain testimonial evidence that Smith characterizes as hearsay.  Smith finally contends that there was insufficient evidence to support her conviction.  For the reasons set forth below, we vacate Smith's conviction and remand.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

While working on an undercover sting operation in a local bar, two officers, Detective Hight and Officer Mattingley, made video-recorded arrangements to purchase psilocybin mushrooms from Shawn Kendle. Kendle indicated to the officers that he had a source for the mushrooms and that his source was in the bar. Kendle then approached Smith and spoke with her for several minutes. Smith exited the bar and Officer Mattingley followed her into the parking lot. Smith drove away from the lot but returned approximately ten minutes later. She exited the vehicle holding a brown paper bag, which she carried across the parking lot to the driver's side of Kendle's truck. Officer Mattingley heard a car door open and shut. Smith then walked back across the parking lot toward the bar, the brown paper bag notably absent. The two officers and Kendle later went back outside where Kendle exchanged a brown paper bag from the driver's side of his truck for the officers' payment. The mushrooms inside the bag were later identified as psilocybin mushrooms by police forensics. The State charged Smith with aiding and abetting in the delivery of a controlled substance.

At trial, Smith objected to the admission of the audio portion of the video recording wherein Kendle could be heard saying, "I've got her in the bar." Smith challenged its admission on the grounds that she had not had "an opportunity to cross-examine [Kendle] about what he's saying." The trial court overruled this objection and allowed the video playback with audio. The court also overruled Smith's hearsay objection to Officer Mattingley's testimony as he described the events within the video, specifically his statement, "[Kendle] is standing at the bar talking to what he said was his person that could supply him with mushrooms." At the conclusion of the State's case, Smith moved for a directed verdict on the basis of insufficient evidence, which the court denied.

The jury found Smith guilty of aiding and abetting in the delivery of a controlled substance. The court sentenced Smith to a unified sentence of four years, with two years determinate, but suspended the sentence and placed her on probation for three years. Smith timely appeals.

## II.

## ANALYSIS

Smith raises three issues on appeal: first, whether the trial court erred by admitting the audio portion of the video recording of Kendle's statement to police during their undercover operation in violation of Smith's Sixth Amendment right of confrontation; second, whether the court erred in the admission of witness testimony before the jury during the narration of that video; and finally, whether there was sufficient evidence to support the jury's guilty verdict.

### A.     Right of Confrontation

On appeal, Smith argues that the trial court violated her constitutional right under the Confrontation Clause when it admitted the audio portion of a video recording of a nonwitness. In reviewing a potential violation of the Confrontation Clause, this Court will defer to the trial court's factual findings, unless they are clearly erroneous, but will exercise free review over the trial court's legal determinations. *State v. Hooper*, 145 Idaho 139, 142, 176 P.3d 911, 914 (2007).

The Confrontation Clause of the Sixth Amendment guarantees criminal defendants the right to confront witnesses at trial. U.S. CONST. AMEND. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with witnesses against him."). It applies only to hearsay statements that are testimonial. *Crawford v. Washington*, 541 U.S. 36, 51 (2004); *State v. Stanfield*, 158 Idaho 327, 332, 347 P.3d 175, 180 (2015). A statement is testimonial when it was made with a primary objective of creating an evidentiary record to establish a fact at trial. *Davis v. Washington*, 547 U.S. 813, 822 (2006) ("Statements . . . are testimonial when the circumstances objectively indicate . . . that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution."); *State v. Shackelford*, 150 Idaho 355, 372-73, 247 P.3d 582, 599-600 (2010) (holding that statements of ex-wife were not testimonial because they were not offered for their truth). Statements of individuals made unknowingly to undercover officers are not testimonial. *Davis*, 547 U.S. at 825 (citing *Bourjaily v. United States*, 483 U.S. 171, 181-84 (1987) and noting that "statements made unwittingly to a Government informant" were "clearly nontestimonial").

At issue here are Kendle's out-of-court statements made to undercover officers during their sting operation. Smith broadly argues that multiple "statements of Mr. Kendle . . . were

3

testimonial in nature," but she only specifically addresses the admission of Kendle's statement, "I've got her in the bar," in reference to his source for the mushrooms.[1]

First, Kendle unwittingly made the recorded statement to undercover officers, as there is nothing in the record to suggest that Kendle suspected he was dealing with undercover officers or that he was being recorded. Second, the State did not offer the audio recording to prove the truth of the matter asserted. Instead, the State offered the audio statements on the video to provide context for the jury as they viewed the recorded conversation between the undercover officers and Kendle.[2] Regarding the specific statement, "I've got her in the bar," the truth of this assertion suggests nothing more than Smith's location at the time of the conversation. We agree with the trial court's discretion to admit this nontestimonial statement into evidence.

Because the statement was not testimonial, the Confrontation Clause does not apply. Therefore, we hold that the trial court did not err in admitting the audio portion of the video recording.

## B.     Officer's Narration as Hearsay

Smith also challenges the trial court's admission of Officer Mattingley's testimony as improper hearsay. The trial court has broad discretion in determining the admissibility of testimonial evidence. *State v. Smith*, 117 Idaho 225, 232, 786 P.2d 1127, 1134 (1990). A decision to admit or deny such evidence will not be disturbed on appeal absent a clear showing of abuse of that discretion. *Id.* As discussed above, hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. Idaho Rule of Evidence 801(c); *State v. Gomez*, 126 Idaho 700, 704, 889 P.2d 729, 733 (Ct. App. 1994). The hearsay rule also prohibits allowing a witness to give a summary of an out-of-court conversation if the purpose of such

---

[1]     Smith contested only the trial court's admission of the audio portion of the video during trial and on appeal. However, the audio on the recording was notably unintelligible and Smith does not contest the admissibility of any other specific statements.

[2]     During trial, the State only argued that the video recording was admissible for the nonhearsay purpose of demonstrating "how the case developed" and to "put [it] in context." On appeal, the State adds that the statements were also offered to show Smith's role in the transaction. Because it was raised for the first time on appeal, we do not consider this additional justification in reaching our decision. *See, e.g.*, *State v. Johnson*, 148 Idaho 664, 670, 227 P.3d 918, 924 (2010) (noting that appellate review is limited to the arguments presented below); *State v. Davis*, 155 Idaho 216, 219, 307 P.3d 1242, 1245 (Ct. App. 2013) (holding that defendant's nonspecific justification for admission of testimony at trial did not preserve her specific nonhearsay justification raised for the first time on appeal).

4

testimony is to prove the truth of the facts asserted in that conversation. *Gomez*, 126 Idaho at 704, 889 P.2d at 733 (describing that an explanation of a transaction constitutes hearsay if the words used indicate a particular fact). Hearsay is inadmissible unless otherwise provided by an exception in the Idaho Rules of Evidence or other rules of the Idaho Supreme Court. I.R.E. 802.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Smith challenges the trial court's admission of a portion of the officer's trial testimony. During the playback of the video recording for the jury, the officer described the events in the video and stated, "[Kendle] is standing at the bar talking to what he said was his person that could supply him with mushrooms." The officer later identified the person at the bar as Smith.

Smith argues that this testimony constituted hearsay and did not fall within a recognized exception. We agree. Although the State argues that the officer's testimony gave context to the transaction shown on the video, we are not persuaded that the officer's statements were limited to explanatory words providing only context. The officer's explanation of the recorded transaction was a recounting of an out-of-court statement by Kendle and was an assertion of a particular fact: that Smith was Kendle's mushroom supplier. Further, during trial, the State did not argue for the admission of the statement on any grounds other than it was nonhearsay; there is nothing in the record indicating that the trial court considered admission of the statement on any other grounds or that it instructed the jury of the statement's limited use. On appeal, we need not consider any other justifications besides those offered during trial. *See State v. Johnson*, 148 Idaho 664, 670, 227 P.3d 918, 924 (2010). Therefore, we conclude that the trial court erred in admitting the officer's hearsay testimony.

This conclusion requires that we determine whether the error necessitates a new trial for Smith. Where a court incorrectly rules on admissibility of evidence, a party is entitled to relief on appeal only where the error affects a substantial right of one of the parties. *State v. Ehrlick*, 158 Idaho 900, 911, 354 P.3d 462, 473 (2014). "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Idaho Criminal Rule 52.

Whether an error is harmless in a particular case depends upon a host of factors, including the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case.

*Hooper*, 145 Idaho at 146, 176 P.3d at 918. Where the error was objected to at trial, we apply the harmless error test articulated by the United States Supreme Court in *Chapman v. California*, 386 U.S. 18 (1967). *State v. Perry*, 150 Idaho 209, 222, 245 P.3d 961, 974 (2010); *State v. Folk*, 157 Idaho 869, 879, 341 P.3d 586, 596 (Ct. App. 2014). Under the two-part *Chapman* test, the defendant must establish the existence of an error, "at which point the State shall have the burden of demonstrating that the error is harmless beyond a reasonable doubt." *Perry*, 150 Idaho at 222, 245 P.3d at 974. This requires the State to prove beyond a reasonable doubt that the error did not contribute to the verdict. *Id.* at 221, 245 P.3d at 973. In interpreting *Chapman*, the Supreme Court has explained that:

> To say that an error did not "contribute" to the ensuing verdict is not, of course, to say that the jury was totally unaware of that feature of the trial later held to have been erroneous. . . .
> To say that an error did not contribute to the verdict is, rather, to find that error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record.

*Yates v. Evatt*, 500 U.S. 391, 403 (1991), *overruled in part on other grounds by Estelle v. McGuire*, 502 U.S. 62, 72 n.4 (1991). Therefore, an appellate court's inquiry "is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error." *Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993).

Here, Smith properly establishes the existence of the error, as required by *Chapman*. Under the second part of *Chapman*, the State is then required to demonstrate that the error was harmless beyond a reasonable doubt. However, the State altogether fails to argue that the court's erroneous admission of Officer Mattingley's hearsay testimony was harmless. Instead, the State argues that Kendle's "I've got her in the bar" statement was harmless.[3] Where the State does not

---

[3] In its briefing, the State argues that "the guilty verdict entered against Smith in this case was surely unattributable to the single ["I've got her in the bar"] statement about which Smith complains."

address the specific error complained of, it cannot be said to have met its burden of demonstrating that the error was harmless beyond a reasonable doubt. Therefore, we conclude that the State did not meet its burden of proof, and Smith's conviction must be vacated. *See State v. Almaraz*, 154 Idaho 584, 598, 301 P.3d 242, 256 (2013).

## C.     Sufficiency of Evidence

Finally, Smith contends that there was insufficient evidence to support the jury's guilty verdict. If the State lacked sufficient evidence to sustain Smith's conviction, then double jeopardy would bar reprosecution. *State v. Moore*, 148 Idaho 887, 893-94, 231 P.3d 532, 538-39 (Ct. App. 2010). Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001. Substantial evidence may exist even when the evidence presented is solely circumstantial or when there is conflicting evidence. *State v. Severson*, 147 Idaho 694, 712, 215 P.3d 414, 432 (2009). Even when circumstantial evidence could be interpreted consistently with a finding of innocence, it is sufficient to uphold a guilty verdict when the evidence also gives rise to reasonable inferences of guilt. *Id.*; *State v. Slawson*, 124 Idaho 753, 757, 864 P.2d 199, 203 (Ct. App. 1993).

The State was required to prove, beyond a reasonable doubt, that Smith "delivered, or aided and abetted in delivering, any amount of Psilocybin/Psilocyn Mushrooms . . . to another" and that she "either knew it was Psilocybin/Psilocyn Mushrooms or believed it was a controlled substance." Smith asserts that the evidence, at most, shows her proximity to criminal activity, which is not enough to support her conviction. She suggests that the evidence presented at trial did not establish: (1) that she was working together with Kendle in the transaction; (2) that she had the requisite knowledge that the bag contained a controlled substance; (3) that there was only

7

one brown paper bag in Kendle's truck; or (4) that the bag procured by Detective Hight was the same one allegedly placed in the truck by Smith.

Contrary to Smith's arguments, there is substantial evidence in the record upon which a jury could conclude, beyond a reasonable doubt, that Smith was guilty of aiding and abetting in the delivery of a controlled substance. Each of Smith's contentions ignores the sufficiency of circumstantial evidence that can support a juror's reasonable inference of guilt. Detective Hight testified to the jury that after indicating to Kendle an interest in purchasing mushrooms, Kendle approached Smith in the bar. The jury watched video playback corroborating this testimony. Officer Mattingley testified to the jury that he witnessed Smith drive away from the bar parking lot, return ten minutes later, walk across the parking lot to Kendle's truck carrying a brown paper bag, then return across the parking lot to the bar without the brown paper bag. The video playback of the parking lot events corroborated that testimony. Both officers testified that they obtained a brown paper bag containing the psilocybin mushrooms from Kendle's truck.

The testimonial and video evidence presented to the jury formed a sufficient basis for a reasonable inference that Smith placed a bag in Kendle's truck, that the bag Smith placed in the truck was the same as the one procured by the officers, and that Smith was working with Kendle and knew that the paper bag contained psilocybin mushrooms. Because it is not this Court's position to assess the credibility of the witnesses or the weight of the testimony, we defer to the jury's assessment of the evidence presented in reaching their verdict. Therefore, we conclude that the evidence was sufficient such that a reasonable juror could conclude Smith's guilt beyond a reasonable doubt. Thus, double jeopardy does not bar reprosecution.

## III.

## CONCLUSION

The trial court did not err when it admitted the nontestimonial audio portion of Kendle's statement. The admission of the hearsay testimony of Officer Mattingley was error, and the State did not meet its burden of proving that such error was harmless. Finally, the evidence was sufficient for the jury to find Smith guilty of aiding and abetting in the delivery of a controlled substance, thus double jeopardy does not bar reprosecution. Accordingly, we vacate Smith's judgment of conviction and remand for further proceedings consistent with this opinion.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.