**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46782**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 30, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| SHAWN ERIC HATFIELD, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Thomas J. Ryan, District Judge.

Judgment of conviction for lewd conduct with a child under sixteen years of age, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeffery D. Nye, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

A jury found Shawn Eric Hatfield guilty of lewd conduct with a child under sixteen years of age. Hatfield appeals from his judgment of conviction, asserting the district court abused its discretion by allowing a witness to testify about his credibility. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

According to trial testimony, the victim (Victim) was a twelve-year-old seventh grader at the time of Hatfield's alleged criminal conduct. A friend (Friend) invited Victim to spend the night at Hatfield's house in Twin Falls. Hatfield knew Friend's mother, who regularly allowed her children to spend the night at Hatfield's house. After falling asleep at Hatfield's house, Victim awoke around midnight to use the bathroom. Hatfield followed Victim into the

1

bathroom, shut the door, pulled down his pants, grabbed Victim's hand, put her hand on his penis, made her grope him, and asked for oral sex. Upon hearing a noise, Hatfield pulled up his pants and left the bathroom. Eventually, Victim reported Hatfield's conduct to her mother, who in turn contacted law enforcement. The State charged Hatfield with one count of lewd conduct with a child under sixteen years of age, Idaho Code § 18-1508, and two counts of sexual abuse of a child under sixteen years of age, I.C. § 18-1506(1)(a).

Several witnesses testified at trial, including Detective Van Vooren who interviewed Hatfield twice about Victim's allegations. Detective Van Vooren testified that during the first interview, Hatfield claimed he could not remember the alleged conduct instead of denying the conduct. Further, Detective Van Vooren testified, over the objection of Hatfield's counsel, that Hatfield's response was strange:

| | |
|---|---|
| Q. | Did you then talk to [Hatfield] about the allegations for two hours? |
| A. | Yes. |
| Q. | Did he admit that he did it? |
| A. | No. |
| Q. | Did he deny that he did it? |
| A. | I don't know if he did that day or not, or if he told me that he couldn't remember, but there was probably a denial in there that day. |
| Q. | Is that strange, in your experience, to get an "I don't remember" or a denial when you are talking to a suspect? |
| A. | Yes. |
| Q. | Why is that? |
| A. | I don't remember-- |
| [DEFENSE]: | Your Honor, I am objecting to this type of question as improper and lack of foundation. It is for the province of the jury to determine credibility of the witness, not the detective to make that decision. |
| [COURT]: | Well, there's been a lot of foundation established as to the prior training and experience of the officer, and he can testify based upon that training and experience. So, [prosecutor], you may proceed. |
| Q. | So why was the "I don't remember" strange to you? |
| A. | He was able to recall other details of that evening. For somebody to not remember what I think would be a very significant event, not something as simple as what you purchased for lunch the day before, this is a significant event, and not being able to recall it is a strange answer versus "I didn't do it." I believe somebody would remember if they did that. |

2

The jury found Hatfield guilty of lewd conduct but acquitted him of the two counts of sexual abuse. Hatfield timely appeals the judgment of conviction and challenges the district court's evidentiary ruling allowing Detective Van Vooren to testify about why he believed Hatfield's response that he could not remember if he committed the alleged conduct was strange.

## II.

## STANDARD OF REVIEW

A trial court's determination as to the admission of evidence at trial will only be reversed where there has been an abuse of that discretion. *State v. Zimmerman*, 121 Idaho 971, 973-74, 829 P.2d 861, 863-64 (1992). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

### A.    Improper Testimony

Hatfield argues that "by opining [Hatfield] was lying when he answered 'I don't remember' during the interviews, Detective Van Vooren's testimony invaded the province of the jury." As an initial matter, we note Hatfield relies on Rule 702 of the Idaho Rules of Evidence governing the admissibility of expert testimony to analyze whether the district court abused its discretion. The State responds that Hatfield's general objection failed to preserve the issue of whether Detective Van Vooren's testimony violated Rule 702.

The State is correct that a general foundation objection is inadequate to preserve an objection that testimony is inadmissible under Rule 702. *See, e.g.*, *Ballard v. Kerr*, 160 Idaho 674, 691-92, 378 P.3d 464, 481-82 (2016) (noting general objection to foundation inadequate to preserve objection to expert testimony); *State v. Davis*, 155 Idaho 216, 219, 307 P.3d 1242, 1245 (Ct. App. 2013) (same). "For an objection to be preserved for appellate review, either the specific ground for the objection must be clearly stated, or the basis of the objection must be apparent from the context." *Ballard*, 160 Idaho at 691-62, 378 P.3d at 481-82 (quotations and brackets omitted).

3

In this case, however, the district court referenced Detective Van Vooren's "training and experience" as a basis to allow the testimony, suggesting the court relied on Rule 702 to admit the testimony. In that event, the issue arguably may have been preserved for appeal. We need not resolve that issue, however. Regardless of whether Detective Van Vooren's testimony is construed as expert or lay witness testimony, the applicable rule remains the same--a witness may not testify about another witness's credibility. As the Idaho Supreme Court has ruled, expert testimony about "the credibility of another witness encroaches upon the jury's vital and exclusive function to make credibility determinations, and therefore does not assist the trier of fact as required by Rule 702." *State v. Perry*, 150 Idaho 209, 229, 245 P.3d 961, 981 (2010) (quotations omitted). Likewise, "[l]ay witnesses are not permitted to testify as to matters of credibility." *Id*. Thus, if Detective Van Vooren testified about Hatfield's credibility, the result remains the same--allowing credibility testimony is an error. We hold that Hatfield's objection, which noted the jury's province is to determine credibility, was adequate to preserve for appeal whether Detective Van Vooren's testimony improperly commented on Hatfield's credibility.

Hatfield relies on *State v. Christiansen*, 144 Idaho 463, 163 P.3d 1175 (2007), in support of his argument that Detective Van Vooren opined Hatfield was lying. In that case, Sergeant Clark interviewed Christiansen before the State charged him with arson. *Id*. at 464, 163 P.3d at 1176. During trial, the prosecutor elicited testimony regarding Sergeant Clark's "training to determine whether someone was being deceptive during an interview and the mannerisms he had been trained to observe as indicators of deception." *Id.* at 465, 163 P.3d at 1177. When the prosecutor asked Sergeant Clark what he had noticed about Christiansen's behavior during the interview, Christiansen objected, and the district court sustained the objection. *Id.* The jury found Christiansen guilty. On appeal, the Idaho Supreme Court addressed whether the prosecution's lengthy foundation regarding deceptive mannerisms during a police interview justified a new trial. *Id.* at 468, 163 P.3d at 1180. The Court noted that "the State agrees . . . there was no basis for laying the foundation for such testimony other than to get inadmissible evidence before the jury." *Id.* at 469, 163 P.3d at 1181. The Court concluded:

> Even though the district court sustained the objection to Sergeant Clark's opinion, the jury obviously understood where the prosecuting attorney was going with his line of questioning. It was obvious that he was seeking to have Sergeant Clark testify that in his opinion Christiansen was lying during the interview. The objection to Sergeant Clark's ultimate opinion did not prevent the jury from

4

inferring what that opinion would be. This type of tactic is prosecutorial misconduct.

*Id*. Regardless, the Court held that the prosecutor's misconduct was harmless considering all the evidence. *Id*. at 471, 163 P.3d at 1183.

Meanwhile, the State relies on *State v. Almaraz*, 154 Idaho 584, 301 P.3d 242 (2013), in support of its assertion that Detective Van Vooren "merely gave the jury additional information, based on his training and experience, to help the jury make its credibility determination." In that case, Almaraz was charged with and convicted of murder after a bar patron, Ken Hust, identified Almaraz as the shooter. *Id.* at 588-89, 301 P.3d at 246-47. Almaraz appealed, arguing the district court erred by limiting the testimony of his expert witness, Dr. Reisberg, a cognitive psychologist, regarding the suggestiveness of the police's interview techniques when interviewing Hust. *Id.* at 599, 301 P.3d at 257. Specifically, Almaraz proposed playing the audio of Hust's actual police interview while Dr. Reisberg pointed out for the jury how the interview violated established guidelines. *Id.* The district court found this proposed testimony would invade the province of the jury. *Id.* On appeal, the Idaho Supreme Court held that "the district court abused its discretion when it ruled that Dr. Reisberg could not testify about the specific procedures used in Hust's interview." *Id.* at 600, 301 P.3d at 258. The Court ruled that Dr. Reisberg's proposed testimony "was not an opinion as to Hust's credibility" and "would have been helpful to the average juror's understanding of whether the interview was conducted in an overly suggestive way." *Id.*

Contrary to the parties' arguments, we do not find either *Christiansen* or *Almaraz* to be applicable to the facts of Hatfield's case. Unlike *Almaraz*, Detective Van Vooren's testimony that he found Hatfield's response "strange" because Detective Van Vooren believes someone would remember committing the alleged conduct is not scientific, technical, or other specialized knowledge that would assist the trier of fact to understand the evidence. Likewise, *Christiansen* is inapplicable. Unlike *Christiansen*, in which the prosecutor committed misconduct by laying a lengthy foundation to elicit testimony bearing on the defendant's veracity, the prosecutor in this case asked only a single question: "So why was the 'I don't remember' strange to you"? This inquiry did not rise to the level of misconduct. Nevertheless, the prosecutor's single question obviously sought to elicit testimony about Hatfield's veracity, namely that Detective Van Vooren did not believe Hatfield's claim that he could not recall whether he committed the alleged conduct. As a result, the district court abused its discretion by allowing the testimony.

5

**B.**     **Harmless Error**

Regardless, we hold that the district court's error was harmless. Rule 103(a) of the Idaho Rules of Evidence provides that "a party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party." Accordingly, any error, defect, irregularity, or variance that does not affect substantial rights is harmless and must be disregarded. *State v. Johnson*, 148 Idaho 664, 669, 227 P.3d 918, 923 (2010). "The error will be deemed harmless if the appellate court is able to declare, beyond a reasonable doubt, that there was no reasonable possibility that the event complained of contributed to the conviction." *State v. Norton*, 151 Idaho 176, 193, 254 P.3d 77, 94 (Ct. App. 2011).

Based on the overall strength of the State's evidence, Detective Van Vooren's limited testimony in response to a single question about the strangeness of Hatfield's failure to recall whether he committed the alleged conduct did not contribute to the jury's guilty verdict. The State's proof included, among other things, the videos of both of Van Vooren's interviews with Hatfield, the Victim's testimony about Hatfield's conduct, and the testimony of a forensic interviewer about the reasons for a child's delayed disclosure of sexual abuse. Although Friend and Friend's mother testified on Hatfield's behalf, the prosecutor elicited testimony from both of these witnesses showing their bias in Hatfield's favor. Accordingly, the State's evidence proves beyond a reasonable doubt that Detective Van Vooren's statement about the strangeness of Hatfield's response to the Victim's accusations did not contribute to the jury's guilty verdict.

## IV.

## CONCLUSION

Any error in the district court's evidentiary ruling to admit Detective Van Vooren's testimony over Hatfield's objection is harmless. Accordingly, we affirm Hatfield's judgment of conviction.

Chief Judge HUSKEY and Judge GRATTON **CONCUR**.

6