IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 45510

| STATE OF IDAHO, | ) | Filed: January 7, 2019 |
| | ) | |
| Plaintiff-Respondent, | ) | Karel A. Lehrman, Clerk |
| | ) | |
| v. | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| KHAMLA INTHAPANYA, | ) | BE CITED AS AUTHORITY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy Baskin, District Judge.

Judgment of conviction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Khamla Inthapanya appeals from the district court's judgment of conviction. He argues the district court abused its discretion by failing to completely analyze his objection to an expert witness's testimony at trial. The district court's judgment of conviction is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Inthapanya with felony conspiracy to traffic in heroin. At trial, the State presented evidence that a confidential informant and an undercover officer made several controlled buys of heroin, totaling over twenty-eight grams, from individuals who Inthapanya had supplied drugs. Although some evidence was admitted that the confidential informant had another source of heroin besides Inthapanya, a detective testified that "it was very apparent to me that [the confidential informant] was dealing with one source." Inthapanya objected to the

1

detective's statement, arguing the detective's "opinion is not relevant, and to the extent that he has an opinion, that is based on speculation." The district court overruled Inthapanya's objection: "Based upon the officer's training and experience and his function as an undercover officer in this particular transaction, the court finds that the opinion is within his personal knowledge and expertise and the objection is overruled." The prosecutor resumed the examination and the detective explained he believed the confidential informant had only one source because: (1) with the exception of the first transaction, every transaction took place in the same geographic area; (2) the heroin's packaging was almost exclusively consistent; and (3) the prices were consistent. The jury convicted Inthapanya of felony conspiracy to traffic in heroin, and the district court imposed a unified twenty-five year sentence, with fifteen years fixed. Inthapanya appeals.

## II.

## STANDARD OF REVIEW

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). For an evidentiary "objection to be preserved for appellate review, 'either the specific ground for the objection must be clearly stated, or the basis of the objection must be apparent from the context.'" *Hansen v. Roberts*, 154 Idaho 469, 473, 299 P.3d 781, 785 (2013) (quoting *Slack v. Kelleher*, 140 Idaho 916, 921, 104 P.3d 958, 963 (2004); I.R.E. 103(a)(1)).

## III.

## ANALYSIS

Inthapanya argues the district court abused its discretion by failing to completely analyze his objection to the detective's testimony about the confidential informant's suppliers of heroin. Inthapanya claims the objection was grounded in Idaho Rule of Evidence 702, which governs expert witness testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.

2

Inthapanya faults the district court for only completing the first part of I.R.E. 702's analysis--determining the expert credentials of the witness--and failing to analyze the second part of the rule--whether the expert's testimony will assist the trier of fact in understanding the evidence. In support of this argument, Inthapanya points the Court to its previous decision in *State v. Caliz-Bautista*, 162 Idaho 833, 835-36, 405 P.3d 618, 620-21 (Ct. App. 2017). However, this Court need not reach Inthapanya's argument under I.R.E. 702 because it is not preserved for appellate review.

In *Hansen*, a party objected to an entire witness's testimony as invading the province of the jury, but because the party did not explain how the testimony invaded the province of the jury, the Idaho Supreme Court held it was a "broad, general objection" that failed to preserve the party's appellate challenges to the testimony under I.R.E. 702. *Hansen*, 154 Idaho at 474, 299 P.3d at 786. Here, Inthapanya's objection to the detective's testimony was not grounded in I.R.E. 702. Inthapanya neither cited I.R.E. 702 in his objection, nor did the language or context of his objection signal it was grounded in I.R.E. 702. Nothing in Inthapanya's objection put the district court on notice that Inthapanya objected because the detective's testimony was invading the province of the jury. The district court's language is properly characterized as a response to Inthapanya's speculative objection rather than an I.R.E. 702 objection. The district court overruled the objection on those two bases. Because Inthapanya has failed to show the objection was based on I.R.E. 702, his preservation claim fails.

## IV.

## CONCLUSION

Because Inthapanya's I.R.E. 702 argument is raised for the first time on appeal, it will not be considered. The judgment of conviction is affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.