**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47007**

| | | |
|---|---|---|
| In the Interest of: | ) | |
| **John Doe I, A Child Under Eighteen (18)** | ) | |
| **Years of Age.** | ) | |
| **STATE OF IDAHO, DEPARTMENT OF** | ) | |
| **HEALTH AND WELFARE,** | ) | Filed: September 27, 2019 |
| | ) | |
| Petitioner-Respondent, | ) | Karel A. Lehrman, Clerk |
| | ) | |
| v. | ) | |
| | ) | |
| **JOHN DOE (2019-12),** | ) | |
| | ) | |
| Respondent-Appellant. | ) | |
| | ) | |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Ada County Public Defender; Joshua Wickard, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John R. Shackelford, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

John Doe appeals from the magistrate's judgment terminating Doe's parental rights. Doe argues the magistrate erred when it admitted a report of investigation into evidence over Doe's hearsay objection. Because substantial and competent evidence independent of the report supports the magistrate's findings that Doe neglected his child, we affirm the magistrate's judgment terminating Doe's parental rights.

## I.

## FACTUAL AND PROCEDURAL HISTORY

A.B.'s father, John Doe, was arrested for domestic battery. Doe struck A.B. with a metal bat while A.B. was trying to protect his stepmother, who was the intended target. Doe was

1

arrested, and A.B. remained in the care of his stepmother. However, later the same year, A.B.'s stepmother took him to a health clinic and told the staff she was no longer able to assume responsibility for the child. As Doe was in custody, A.B. was taken into foster care.

A.B. was diagnosed with high-functioning autism, attention deficit hyperactivity disorder, and oppositional defiance disorder. A.B. was placed at the Patriot Center, a facility that addresses trauma and special needs. Doe was ordered to complete a case plan. The State filed a petition for the termination of Doe's parental rights after the six-month review hearing. The court subsequently held a trial on the petition, and Doe failed to appear but directed his counsel to contest the petition. At trial, the court heard testimony from A.B.'s case manager and admitted evidence that demonstrated Doe did not comply with any part of his case plan. Doe's attorney objected to the admission of the report of investigation as hearsay. The court responded that the objection was valid but "the legislature has determined and stated that this Court may admit any report, study or examination and rely upon it to the extent of its probative value," and the report was admitted into evidence pursuant to Idaho Code § 16-2009. Following the hearing, the court determined it was in the best interest of A.B. to terminate the parental rights of Doe based on findings of neglect and abuse. Doe timely appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In*

2

*re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

## III.

## ANALYSIS

Doe argues the magistrate erred in admitting the report of investigation because it constitutes inadmissible hearsay. Specifically, Doe contends that without the information contained in the report, the magistrate lacked substantial and competent evidence to terminate his parental rights. Though we agree that I.C. § 16-2009 conflicts with the Idaho Rules of Evidence, the testimony of the case manager sufficiently supports the magistrate's decision and therefore, we affirm.

**A.     Idaho Code § 16-2009 Conflicts With the Idaho Rules of Evidence**

As an initial matter, we address the conflict between I.C. § 16-2009 and the Idaho Rules of Evidence. "It is well established that the Idaho Supreme Court is uniquely empowered with certain inherent powers. The Court has the inherent power to make rules governing the procedure in all of Idaho's courts." *State v. Weigle*, ____ Idaho ____, ____, ____ P.3d ____, ____ (Aug. 27, 2019) (citing *Talbot v. Ames Constr.*, 127 Idaho 648, 651, 904 P.2d 560, 563 (1995)). "The inherent power of the Supreme Court to make rules governing procedure in all the courts of Idaho is hereby recognized and confirmed." I.C. § 1-212. Accordingly, the Idaho Supreme Court has noted that if a statutory provision that is procedural in nature is in conflict with the Idaho Criminal Rules, the rules govern. *Id.  See also State v. Abdullah*, 158 Idaho 386, 484, 348 P.3d 1, 99 (2015); *State v. Johnson*, 145 Idaho 970, 974, 188 P.3d 912, 916 (2008).

The statute in question here, I.C. § 16-2009 reads as follows:

> The court's finding with respect to grounds for termination shall be based upon clear and convincing evidence under rules applicable to the trial of civil causes, provided that relevant and material information of any nature, including that contained in reports, studies or examinations, may be admitted and relied upon to the extent of its probative value. When information contained in a report, study or examination is admitted in evidence, the person making such report, study or examination shall be subject to both direct and cross-examination.

The relevant part of the statute purports to allow the admission of reports that would otherwise be hearsay.

The Idaho Rules of Evidence apply at parental termination hearings: "Where a petition to terminate parental rights has been filed in a C.P.A. case, the Idaho Rules of Evidence shall apply

to proceedings on the petition to terminate." Idaho Juvenile Rule 51(c); *In re Matter of Doe I*, 165 Idaho 33, 44 (2019). Idaho Rule of Evidence 801(c) defines hearsay as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

Though the State argues the rules of evidence would permit the admission of the report under an exception to the hearsay rule, we cannot address that argument because it was not preserved below. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). In this case, without a proper hearsay exception, the report is inadmissible hearsay. The magistrate similarly recognized that Doe had raised a valid objection but noted: "[T]he legislature has determined and stated that this Court may admit any report, study or examination and rely upon it to the extent of its probative value." The magistrate properly recognized the conflict between the statute and the rules of evidence, but clearly felt bound by the statute.

Having determined the report is hearsay, the inquiry is whether the magistrate abused its discretion when it determined that it was required to admit the report into evidence over what it deemed a valid hearsay objection. When there is a conflict between a statute and a rule, the court must determine if the conflict is procedural or substantive. *State v. Garner*, 161 Idaho 708, 711, 390 P.3d 434, 437 (2017). If it is procedural, then the rule prevails over the statute. *Id.* "Article II of the Idaho Constitution prohibits the Legislature from usurping powers properly belonging to the judicial department . . . ." *Weigle*, ___ Idaho at ___, ___ P.3d at ___ (citing *In re SRBA Case No. 39576*, 128 Idaho 246, 255, 912 P.2d 614, 623 (1995)). The Idaho Constitution further states, "The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government[.]" Idaho Const. art. V, § 13. The rule against hearsay is procedural and not substantive.

> Although a clear line of demarcation cannot always be delineated between what is substantive and what is procedural, the following general guidelines provide a useful framework for analysis. Substantive law prescribes norms for societal conduct and punishments for violations thereof. It thus creates, defines, and regulates primary rights. In contrast, practice and procedure pertain to the essentially mechanical operations of the courts by which substantive law, rights, and remedies are effectuated.

*Weigle*, ____ Idaho at ____, ____ P.3d at ____. As the Idaho Supreme Court held in *State v. Zimmerman*, 121 Idaho 971, 974, 829 P.2d 861, 864 (1992), "to the extent that [a] statute attempts to prescribe the admissibility of hearsay evidence and is in conflict with the Idaho Rules

of Evidence, it is of no force or effect."   Like in *Zimmerman*, to the extent I.C. § 16-2009 allows impermissible hearsay evidence it is not valid and should not be relied on for that purpose over a valid objection.[1]   The magistrate erred when it determined it was bound by the statute in the face of a valid hearsay objection.

**B.       Magistrate's Decision Is Supported by Substantial Evidence**

In addition to Doe's argument that the magistrate erred in allowing the report of investigation to be admitted over his objection, he asserts that without the report there was insufficient evidence to show he neglected A.B.  We disagree.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion.  *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009).   The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated.   *Id.*   The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required.  *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006).  Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain.  *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006).  Further, the magistrate's decision must be supported by objectively supportable grounds.  *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist:  (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or

---

[1]      The State correctly asserts that the Idaho Supreme Court has held when a rule and statute can reasonably be interpreted without conflict, it should be done.  However, this only applies to statutes that are substantive in nature.  The Supreme Court recently held that when statutes are strictly procedural in nature, anything but compliance with the rule encroaches on the Supreme Court's inherent authority.  *State v. Weigle*, ___ Idaho ____, ____ n.4, ____ P.3d ____, ____ n.4 (Aug. 27, 2019).

(e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117. Here, the magistrate terminated Doe's parental rights based upon a finding of neglect and abuse.

### 1.       Neglect

The magistrate's determination that Doe neglected A.B. is supported by substantial and competent evidence. Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Idaho Code § 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

Doe argues that without the report, which we have held is inadmissible hearsay, there was insufficient evidence to show he neglected A.B. We disagree. The testimony of the case worker established Doe did not obtain housing and remained homeless until absconding probation and fleeing to Oregon. Additionally, the testimony showed Doe did not obtain employment or make an effort to provide any means of financial support for A.B. Doe did not participate in counseling or treatment for A.B. and was only interested in communicating sporadically by telephone or letter. However, even these forms of communication were described as being too disturbing for A.B., and they were discontinued by recommendation of A.B.'s counselors. The communication's negative impact on A.B. prompted the magistrate to suspend visitation between A.B. and Doe.

At trial, A.B.'s case manager testified that he believed it would be in A.B.'s best interest to terminate the parental rights of Doe. The testimony of the case manager established Doe's refusal to address his case plan or provide for the child's financial, medical, educational, emotional, and other special needs and supports the magistrate's finding that Doe neglected A.B.

### 2. Abuse

The magistrate's determination that Doe abused A.B. is supported by substantial and competent evidence. Idaho Code § 16-2002(4) defines "abused" as any conduct included in I.C. § 16-1602(1). Idaho Code § 16-1602(1) provides, in pertinent part, that a child is abused in any case where the child has been a victim of conduct resulting in skin bruising, bleeding, fracture of any bone, or soft tissue swelling.

Doe contends, as with the finding of neglect, that without the report there was insufficient evidence to show he abused A.B. We disagree. The testimony of the caseworker is more than sufficient to establish that Doe abused A.B.: "[Doe] was hitting the stepmother with a baseball bat in the side while driving, [A.B.] tried to interject and was hit on the top of the hand with a baseball bat." We find this testimony provides substantial and competent evidence supporting the magistrate's finding that A.B. was abused.

## C. The Child's Best Interest

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interest of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interest, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interest of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Though Doe makes no argument on appeal regarding the best interest of A.B., we note the magistrate found:

> [A.B.] deserves a permanent home where he can enjoy stability and consistency. Based on [Doe's] complete lack of progress during the Child Protection case, it is clear [he] cannot meet [A.B.'s] needs or provide him with a stable, secure home environment. Further, [A.B.] has no bond or relationship with his parents that are worth preserving.

In so finding, the magistrate relied on the case manager's testimony that "[Doe] hasn't shown effort to reunify with his son." The case manager further testified that Doe did not complete the

7

tasks on his case plan, was hostile with the Department's providers, and did not make any effort to address the issues that initially brought his son into the Department's care.

Having established two distinct statutory grounds for termination, abuse and neglect, the magistrate then properly determined it was in the best interest of A.B. to terminate the parent-child relationship.

## IV.

## CONCLUSION

Idaho Code § 16-2009, to the extent it allows hearsay without a valid hearsay exception, conflicts with the Idaho Rules of Evidence and is of no force or effect. There is substantial and competent evidence to support the magistrate's findings that Doe abused and neglected A.B. independent from the report of investigation. Additionally, the magistrate correctly determined that it is in the best interest of A.B. to terminate Doe's parental rights. Therefore, the judgment terminating Doe's parental rights is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.