# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49799

| | |
|---|---|
| In the Interest of:<br>**John Doe I and Jane Doe I, Children<br>Under Eighteen (18) Years of Age.**<br>**STATE OF IDAHO, DEPARTMENT OF<br>HEALTH AND WELFARE,**<br><br>　　　**Petitioner-Respondent,**<br><br>**v.**<br><br>**JANE DOE (2022-25),**<br><br>　　　**Respondent-Appellant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Filed:  October 12, 2022**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED<br>OPINION AND SHALL NOT<br>BE CITED AS AUTHORITY** |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Anthony R. Geddes, Chief Ada County Public Defender; Karen L. Jennings, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica L. Partridge, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Jane Doe (Mother) appeals from the magistrate court's judgment terminating her parental rights to her minor children, W.P. and L.P.  Mother argues the court erred by concluding that she neglected the children and that terminating her parental rights is in their best interests.  We affirm.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Mother has six children and a long history with the Department of Health and Welfare, including three prior child protection cases.[1]  The Department filed this fourth case in December 2020 regarding J.P., W.P., and L.P.  At that time, Mother and her boyfriend, Noah, lived in a motel together with the three children.  Mother left the children in Noah's care, and he physically assaulted four-year old J.P., breaking his femur, which injury required surgery.  At that time, medical care providers also noted bruises on both J.P. and ten-month-old W.P.

In December 2020, the Department placed the three children in foster care, and the magistrate court awarded the Department temporary legal custody of them.  It approved and twice amended a case plan for Mother's performance.  This plan included, among other things, that Mother obtain a psychological evaluation.  In April 2021, Dr. Jason Gage performed that evaluation.

Thereafter, in the fall of 2021, J.P. had surgery to remove the screws from his femur, and Mother was allowed unsupervised visitation with the three children.  The magistrate court found that, during this visitation in October 2021, Mother left the children in the care of her boyfriend, Spencer, who "became upset and purposefully hit [J.P.] in the area where he had recently undergone surgery."  As a result, J.P. "sustained further injury"; "the State filed felony injury to child charges" against both Spencer and Mother; and the Department rescinded Mother's unsupervised visitation.

In November 2021, the permanency goal for W.P. and L.P. was amended to the termination of parental rights and adoption, and in December 2021, the Department petitioned to terminate Mother's parental rights to W.P. and L.P.[2]  The court held a two-day termination hearing in May 2022 at which thirteen witnesses testified.  These witnesses included, among others, two Department social workers; Dr. Gage, the clinical psychologist who performed a psychological

---

[1]     In 2015, Mother's three oldest children were the subject of a child protection case.  In 2016, those same children plus a fourth child, J.P., were the subject of a second case.  In 2019, J.P. and W.P were the subject of a third case.

[2]     J.P. is not the subject of this appeal.  The record shows that the magistrate court granted J.P.'s father extended home visitation in November 2021; the Department did not petition to terminate the parental rights with respect to J.P.; and J.P. successfully reunited with his father in April 2022.

evaluation of Mother in April 2021 for purposes of the case plan in this case; and Dr. DeLawyer, a clinical psychologist who performed a psychological evaluation of Mother in 2018 during the second child protection case. Among other exhibits, the court admitted into evidence Exhibit 12, Dr. DeLawyer's 2018 written psychological evaluation; Exhibit 7, the November 2021 criminal complaint against Mother alleging felony injury to child; and Exhibit 11, an order consolidating the criminal actions against Mother and Spencer.

In June 2022, the magistrate court entered findings of facts and conclusions of law terminating Mother's parental rights to W.P. and L.P. In this decision, the court concluded Mother neglected W.P. and L.P. under Idaho Code § 16-2005(1)(b) because Mother did not provide "proper parental care and control, or subsistence, medical, or other care and control necessary for their well-being." Alternatively, the court concluded under I.C. § 16-2005(1)(d) that Mother is unable to discharge her parental responsibilities. The court also concluded that terminating Mother's parental rights is in W.P.'s and L.P.'s best interests. *See* I.C. § 16-2005(1) (providing court may terminate parental rights if one or more grounds for termination exists and termination is in child's best interests).

Mother timely appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health &*

3

*Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

We review for an abuse of discretion a trial court's determination as to the admissibility of evidence at trial. *State v. Zimmerman*, 121 Idaho 971, 973-74, 829 P.2d 861, 863-64 (1992). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

4

# III.

# ANALYSIS

**A.     Neglect**

Mother contends substantial and competent evidence does not support the magistrate court's conclusion that she neglected W.P. and L.P. Neglect occurs if a child "is without proper parental care and control, or subsistence, medical or other care or control necessary for his well-being because of the conduct or omissions of his parents." I.C. § 16-1602(31)(a) (defining neglect). Neglect also occurs if a parent "is unable to discharge parental responsibilities and such inability will continue for a prolonged indeterminate period." I.C. § 16-2005(1)(d). In this case, the court alternatively concluded Mother neglected W.P. and L.P. under each of these provisions.

Mother's challenge to these rulings is limited to her argument that the magistrate court erroneously admitted and considered certain evidence, i.e., Exhibits 7, 11, 12, and the testimony of Dr. DeLawyer and other Department witnesses. The Idaho Rules of Evidence govern the admissibility of evidence at a parental termination hearing. *See* Idaho Juvenile Rule 51(c) ("Where a petition to terminate parental rights has been filed in a C.P.A. case, the Idaho Rules of Evidence shall apply to proceedings on the petition to terminate."); *see also Idaho Dep't of Health & Welfare v. Doe*, 165 Idaho 33, 44, 437 P.3d 33, 44 (2019) (same). While I.C. § 16-2009 provides a court may admit and rely on "relevant and material information of any nature, including that contained in reports, studies or examinations," this Court has held that this statute is invalid to the extent it provides for the admission of evidence contrary to the Idaho Rules of Evidence. *State, Dep't of Health & Welfare v. Doe (2019-12)*, 165 Idaho 675, 679, 450 P.3d 323, 327 (Ct. App. 2019).

To preserve an evidentiary objection for appellate review, I.R.E. 103 requires the party challenging an evidentiary ruling to state clearly the grounds for objecting to the evidence's admissibility, unless the basis for the objection is apparent from the context. Although I.R.E. 103(a)(1)(B) allows for appellate review if the ground for the objection is apparent from the context, such a review is limited. *State v. Chacon*, 168 Idaho 524, 532, 484 P.3d 208, 216 (Ct. App. 2021). An objection must be timely and specific. *Id.* Further, an objection on one basis does not preserve an objection on another basis. *Id.* at 533, 484 P.3d at 217. On appeal, a party may not change its legal position from that presented at trial. *Id.*

5

### 1. Exhibits 7 and 11

In this case, Mother challenges the admissibility of Exhibits 7 and 11 and argues the magistrate court should have excluded both documents as irrelevant because they involved only "criminal complaints, not convictions." As noted above, both documents are from the criminal case against Mother alleging felony injury to J.P. based on Spencer's assault of J.P. after Mother left J.P. in Spencer's care. Although Mother generally objected to the court admitting Exhibit 7 (the criminal complaint against her) she did not offer any specific basis for her objection. Rather, her counsel simply stated that "this is a criminal complaint against [Doe]. We would object. It's a complaint." This general objection fails to state any specific basis for excluding the document and was insufficient to preserve Mother's appellate argument that Exhibit 7 is irrelevant. *See Chacon*, 168 Idaho at 532, 484 P.3d at 216 (noting objection must be specific).

Moreover, we note that the information conveyed by Exhibit 7 was merely duplicative of other evidence admitted during the termination trial to which Mother did not object. For example, a Department social worker testified regarding her concerns that Mother "entrusts the discipline of her children to people who are inappropriate or unsafe" and that the social worker recalled a felony injury to child complaint against Mother and Spencer. Mother also acknowledged during her testimony that she had been "charged with injury to child." Accordingly, the magistrate court did not err by admitting Exhibit 7. *Cf. Idaho Dep't of Health & Welfare v. Doe*, 161 Idaho 660, 665, 389 P.3d 946, 951 (2016) (noting cumulative nature of evidence already admitted as basis to conclude admission of irrelevant evidence not prejudicial).

Mother did specifically object to Exhibit 11--the order consolidating the criminal cases against her and Spencer--as irrelevant. That Mother left J.P. in the care of another person who seriously injured J.P. is relevant to the issue of negligence. *See Idaho Dep't of Health & Welfare v. Doe (2011-17)*, 152 Idaho 953, 959, 277 P.3d 400, 406 (Ct. App. 2012) (noting court may consider past conduct in determining grounds for termination). These facts, however, are not contained in the consolidation order. Rather, the order only indicates the criminal cases of Mother and Spencer are consolidated without any reference to the nature of the underlying charges or the supporting allegations. For that reason, the order consolidating the cases alone does not tend to make any fact of consequence to the termination hearing more or less probable. *See* I.R.E. 401 (defining relevance). Regardless, Mother fails to identify any substantial right affected by admitting the consolidation order into evidence so she may not claim error. *See* I.R.E. 103(a) ("A

party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party."); I.R.C.P. 61 ("[N]o error in admitting or excluding evidence . . . is ground . . . for vacating . . . a judgment. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

### 2.    Dr. DeLawyer's testimony and Exhibit 12

Mother also challenges the admissibility of Exhibit 12, Dr. DeLawyer's 2018 written psychological evaluation of Mother, and of Dr. DeLawyer's testimony. At the termination hearing, Mother generally objected to this evidence as irrelevant and based that relevancy objection on the fact that Dr. DeLawyer evaluated Mother four years earlier in 2018 in a different child protection case. On appeal, Mother makes no specific argument regarding the admissibility of Dr. DeLawyer's testimony and fails to point to any particular testimony to which she objected that she contends is irrelevant. Mother's broad, general objection to Dr. DeLawyer's testimony is insufficient to preserve that objection for appeal. *See Hansen v. Roberts*, 154 Idaho 469, 474, 299 P.3d 781, 786 (2013) (ruling "broad, general objection" not proper objection to preserve challenge to testimony).

Similarly, Mother fails to identify any specific information in Exhibit 12, which she contends is inadmissible as irrelevant. Rather, she suggests the magistrate court should have excluded Exhibit 12 in its entirety as irrelevant. To the extent Mother's argument is based on her objection at trial to the fact that the psychological evaluation was prepared four years ago in a different child protection case, this objection does not necessarily preclude the admission of Exhibit 12, at least in its entirety.[3] Rather, the court may consider past conduct when determining whether grounds exist for terminating a parent's rights. *Doe (2011-17)*, 152 Idaho at 959, 277 P.3d at 406; *see also Doe*, 144 Idaho at 842, 172 P.3d at 1117 (noting court has "broad discretion in determining whether evidence is or is not too remote"). To the extent Mother's appellate argument relies on other grounds for asserting Exhibit 12 is inadmissible--including her arguments that the evaluation was inadmissible under I.R.E. 403 and because Dr. DeLawyer considered Department records--Mother's general relevancy objection failed to preserve those arguments for appellate review. Furthermore, as with the admission of Exhibits 7 and 11, Mother fails to identify any substantial right affected by the admission of Exhibit 12 and Dr. DeLawyer's testimony. *See*

---

[3]    Other objections may have warranted excluding Dr. DeLawyer's expert report in its entirety, but Mother did not assert those objections at trial.

7

I.R.E. 103(a) ("A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party."); I.R.C.P. 61 ("[N]o error in admitting or excluding evidence . . . is ground . . . for vacating . . . a judgment. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

### 3.     Testimony of Department employees

Finally, Mother challenges a "significant portion of the testimony by the [Department] safety assessor/social workers." She contends that this testimony was "not based on personal observations, but instead gleaned from department records which should be considered hearsay." Mother, however, fails to identify any particular witness or any specific testimony to which her challenge relates. We decline to search the record for error to address Mother's challenge. *See Idaho Dep't of Health & Welfare v. Doe*, 150 Idaho 103, 113, 244 P.3d 247, 257 (Ct. App. 2010) (noting appellate court will not search record for error); *Idaho Dep't of Health & Welfare v. Jane Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018) (noting appellate court does not address issues not supported by cogent argument and citation to legal authority). Mother's evidentiary challenges fail.

### B.     Best Interests

Mother also challenges the magistrate court's conclusion that terminating her parental rights is in W.P. and L.P.'s best interests. Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider, among other facts, the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care, and the parent's efforts to improve her situation. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

In support of her challenge to the magistrate court's conclusion that terminating her parental rights is in the children's best interests, Mother argues that she was "vigilant in protecting her children," "punished for this vigilance," and "wrongly" blamed for Spencer's actions towards

J.P., who is no longer included in this case. Contrary to this assertion, however, the evidence shows that Mother has repeatedly entrusted the care of her children to her various partners who have physically abused the children. This evidence contradicts Mother's assertion that she has been vigilant in protecting her children.

Additionally, Mother argues the evidence shows she loves the children, is willing to parent them, and has a home and a job. The magistrate court, however, found that Mother "has not been able to provide a consistently safe, stable home" for the children; has "repeatedly exposed her children to physical harm by the adult men [she] invites into the children's lives"; "struggles to manage both children for a one (1) hour visit"; and "cannot provide [for the] fundamental needs for the children." Substantial and competent evidence supports these findings, and Mother's love for the children does not override the court's best interest findings. *See Idaho Dep't of Health & Welfare v. Doe (2014-17)*, 157 Idaho 694, 703, 339 P.3d 755, 764 (2014) (noting love does not override court's findings).

## IV.

## CONCLUSION

Substantial and competent evidence supports the magistrate court's conclusions that Mother neglected W.P. and L.P. and that terminating Mother's parental rights is in their best interests. Accordingly, we affirm the judgment terminating Mother's parental rights.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.

9